S. Samuel Di Falco, S.
This is a proceeding for a construction of the will of the testator and to finally fix the transfer tax in accordance with the devolution of the remainder of a trust under the will.
The question of construction relates to paragraph Twelfth of the will. The testator died July 16, 1924, leaving a will executed October 19, 1922 and a codicil executed July 9, 1924. Under paragraph Twelfth of the will he created a trust of $75,000 for the benefit for life of Stanley Camp, formerly Stanley Fox, and upon and after his decease to pay over the principal of the trust to the lawful issue of Stanley Camp, per stirpes and not per capita. He further directed his trustees, in the event Stanley Camp should die before or after him without leaving lawful issue surviving him, to pay over the principal of the trust to his wife, Eva Brichard Camp, and if she should not then be living, to “ my nephew Stephen Jerome Griswold and my niece Virginia Antoinette Griswold and my step-son Harry 0. Hoyt share and share alike and unto the survivor or survivors of them. ’ ’ He finally provided: “ In the event either my said nephew Stephen Jerome Griswold my said niece Virginia Antoinette Griswold or my said step-son Harry 0. Hoyt shall have previously died leaving lawful issue him or her then surviving then I give and bequeath the share which the one so dying would have taken if living unto his or her lawful issue then living per stirpes and not per capita.” The codicil made no changes with respect to the trust.
Testator’s widow survived him and died December 28, 1943. Stanley Camp survived testator and died November 14, 1955, terminating the trust. He left no issue surviving. Stephen J. Griswold survived testator but predeceased Stanley Camp, the life beneficiary, dying April 26, 1952, survived by one Betty Elise Griswold Leggatt, who had been legally adopted by him and his wife on January 24, 1922. He also left surviving one Edna Anderson of whose status petitioner is in doubt. She was a member of Stephen J. Griswold’s household at the time of his death. However, she was cited and did not appear and does not make any claim as an adopted child or otherwise. Virginia Antoinette Griswold and Harry O. Hoyt, the other remaindermen, survived the life beneficiary.
The question to be determined is whether testator intended to include the adopted child within the term “ lawful issue ” in the will so as to entitle her to share the remainder equally with Virginia Antoinette Griswold and Harry O. Hoyt.
*595 The adopted child relies on the recent Court of Appeals decision in Matter of Upjohn (304 N. Y. 366) to support her claim to the share of the remainder. Testator’s niece, Virginia Antoinette Griswold, contends that the Upjohn case is not applicable and that the adopted child is not entitled to share. The other remainderman, Harry O. Hoyt, was cited and has not appeared.
In the opinion of the court the situation here brings this case within the rationale of the Upjohn case. There is sufficient evidence to indicate that the testator must have known of the existence of the child. The child was given into the custody of Stephen Jerome Griswold and his wife when she was four months old. She was about two years old at the time of the execution of the will and four years old at the date of the codicil. Testator was on intimate terms with his nephew and his wife. They visited him frequently at his home prior to and subsequent to the execution of the will and codicil, bringing the child with them on each visit. At the date of the adoption the nephew was 39 years of age, his wife 33, and they had been married 10 years without his wife having borne him any children. The adoption itself is conceded. Considering the context of the will and the background of facts and existing circumstances at the time it must be assumed that the testator knew of the adoption of the child when he made his will. The rule is as stated in Matter of Upjohn (supra), that where it appears that the testator knew of the adoption, he is taken to have intended inclusion of the adopted child, when provision is made for the adopter’s child or issue, and his will is so construed, unless other language in the will or other circumstances reflect a different or contrary intention. The court is also of the opinion that length of time is no criterion and the fact that the adoption took place in the Upjohn case 11 years before the execution of the will does not differentiate the reasoning of that decision from the instant case where the adoption took place a relatively short time before. The intention of the testator is the controlling factor, and as pointed out in Matter of Upjohn (supra) had the testator intended to exclude the adopted child from sharing in the remainder he could have said so not only at the time of executing his will but two years later when he executed the codicil.
The court therefore holds that the testator intended to include his nephew’s adopted child, Betty Elise Griswold Leggatt, within the term “ lawful issue ” and that she is entitled to the share of the remainder of the trust under paragraph Twelfth of the will that her father would have received if living at the *596 death of the life beneficiary (Matter of Upjohn, supra; Matter of Myres, 205 Misc. 880).
Submit decree on notice construing the will and amending the order fixing tax in accordance with this decision.